# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiffs*,

vs.

LEONARD HASKINS,

    *Defendant.*

Case No.09-10108-01-EFM

## ORDER DENYING RECONSIDERATION

This matter comes now before the Court on Defendant's Motion to Reconsider Sentence (Doc. 28). Defendant appeared for sentencing August 11, 2010. Prior to sentencing defendant filed a Sentencing Memorandum in which he requested that the sentence he received in this case run concurrent with the time he received for a parole violation from Arkansas. Defendant's counsel argued for this at sentencing, but was unable to inform the Court how much time remained on Defendant's Arkansas parole violation, indicating that he believed Defendant had served his parole violation sentence and had to return to Arkansas only for processing of his release, which Defendant's counsel hoped would only take days. The Court inquired whether the request was for the sentence to run concurrent only to the days remaining, or to the six months Defendant had already served. The Court was left with the impression that the request was for the six months; however, the Court never received a clear answer to this question.

The Court indicated at sentencing that it did not believe it had the authority to cause a federal sentence, only now on this day being imposed, to run concurrent with a sentence already served in whole or part, citing the Tenth Circuit's decision in *Demartino v. Thompson*[1] which held that a federal sentence "cannot commence prior to the date it is announced, even if made concurrent with a sentence already being served"[2] and agreeing that "a federal sentence made concurrent with a sentence already being served . . . runs together with *the remainder* of the one being served."[3] The Court inquired of Defendant's counsel at the hearing whether he had any authority that would permit the Court to cause Defendant's sentence to run concurrent with time *already served* on his parole violation, and counsel admitted that he did not. The Court indicated that it was not inclined to run the sentences concurrently in any event, and that if the only option legally available to it were to cause the sentence to be run concurrently with the remaining days required by Arkansas to complete the administration of Defendant's discharge from his parole violation sentence there, the Court was not going to do that. Whereupon, the Court sentenced Defendant to thirty-seven months, with three years supervised release, upon the terms and conditions there ordered.[4]

In his Motion to Reconsider Sentence, Defendant now proffers authority to the Court to run the sentences concurrently, citing to the Court the Eastern District of Wisconsin case of *United*

---

[1] 116 F.3d 1489 (Table), 1997 WL 362260 (10th Cir. 1997).

[2] *Id.*, quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

[3] *Demartino*, quoting *Shelvy v. Whitfield* 718 F.2d 441, 444 (D.C. Cir. 1983), emphasis original.

[4] Defendant had also requested the Court, both in his pre-hearing Sentencing Memorandum, and at the Sentencing, to order that Defendant be given credit for time in custody, even if that time did not include the time served for the Arkansas parole violation. The Court also expressed its doubts that it had authority to so order, as such computations are assigned by law to the Bureau of Prisons, and asked Defendant's counsel if he had any authority to the contrary (again, he did not). Therefore, the Court also denied this request. This matter, however, does not appear to be raised in Defendant's Motion to Reconsider Sentence, and therefore the Court need not address it further here.

*States v. Campbell*.⁵ Defendant asserts that this case, discussing U.S.S.G. § 5G1.3 provides authority for the Court to adjust a sentence to, in essence, run it concurrently with an undischarged state court sentence where a portion of the time has already been served.

The Court would first note in passing that Defendant's cited case holds that the Court cannot determine sentence credit (which is the Bureau of Prison's responsibility), nor can it order credit for time served before the federal sentence is imposed, nor can it order the federal sentence to commence prior to the date of imposition. It further explains that while a district court may order a federal sentence to run concurrently with an undischarged state term, such a concurrent federal sentence does not commence on the date the state sentence commenced, but only on the date it is imposed. Therefore, this cited authority seems to support the Court's interpretation of the law at the sentencing hearing, and its citation in support of Defendant's position seems at first curious.

Further, the specific provisions of the Sentencing Guidelines cited, U.S.S.G. § 5G1.3(b) is inapplicable here. That provision is limited to the situation where the undischarged term of imprisonment resulted from another offense that was relevant conduct to the instant offense of conviction, and was the basis for an increase in the offense level for the instant offense. Defendant's parole violation sentence in Arkansas related to his First Degree Murder conviction there. That was not used as relevant conduct and a sentence enhancement to Defendant's conviction as a Felon in Possession of Ammunition here, and does not meet the definition of Relevant Conduct under U.S.S.G. § 1B1.3 to the instant offense. The example in the Sentencing Guidelines to which Defendant directs the Court's attention, U.S.S.G. § 5G1.3 comment 2(D), likewise applies to such a situation, by its terms and by the facts of the example. It simply has no relevance to the present

---

⁵667 F. Supp.2d 993, 996-98 (E.D. Wisc. 2009) (Defendant's citation of the starting page of this case as page 992 is in error).

situation. More relevant is comment 3(c), which says that in a case where Defendant has an outstanding state probation, parole or supervised release revoked, the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

The *Campbell* decision does, however, note that a federal sentence may be fashioned by adjusting the federal sentence so as to make it, in effect, fully concurrent. It appears that the *Campbell* court may have done just that: "Ross's total sentence . . . should be viewed as the sum of the sentence reflected on the federal district court's order of judgment (which here said 188 months, but should have said the 154 months the judge intended he should actually serve) plus the 34 months he has already served for the 'conduct taken into account in determining the guideline range.'"[6] This approach is the only relevance the Court can discern from the *Campbell* decision to this instant matter. But this unavoidably strikes the Court as a requested departure (in that case, from 188 months to 154; here, from 37 months to 31) in the actual federal sentence imposed. A requested departure would be in violation of the Defendant's Plea Agreement, at Paragraph 3. The Court will not further address this apparent violation, absent a request from the United States Attorney's Office to do so.

Finally, it is not at all clear to the Court that it would have the authority to grant Defendant's Motion to modify the sentence in any event. 18 U.S.C. § 3582(e) defines the narrow conditions in which a sentence may be modified, none of which appear applicable to the Court. Defendant has not even cited this authority to the Court in his motion, let alone argued how the factors may have been met.

---

[6]*Campbell* at 999-1000.

In sum, Defendant has provided this Court with no authority which would have allowed it to adopt his suggestions initially, and no authority which would allow the sentence to be modified now to adopt them, even assuming the Court was inclined to do so (which, as it said at the sentencing hearing, it was not). Therefore, Defendant's motion should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider Sentence (Doc. 28) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2010, in Wichita, Kansas.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE